UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL DAWSEY, individually and as the representative of all persons similarly situated, | NO. |
| Plaintiff, | NOTICE OF REMOVAL |
| vs. | JURY DEMAND |
| THE TRAVELERS INDEMNITY COMPANY, | |
| Defendant. | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant The Travelers Indemnity Company ("Travelers") hereby removes to this Court the state court action described below. This removal is proper under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), 28 U.S.C. § 1441 (a) and (b), and 28 U.S.C. § 1453, because this is a putative class action with more than 100 putative class members, an amount in controversy in excess of $5,000,000, and minimal diversity.

1.  On February 23, 2015, plaintiff Daniel Dawsey ("Plaintiff") filed this putative class action alleging that Travelers failed to inform and pay its automobile policyholders for

NOTICE OF REMOVAL– 1

999999.811468 526416.docx

REED McCLURE
ATTORNEYS AT LAW
FINANCIAL CENTER
1215 FOURTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98161-1087
(206) 292-4900; FAX (206) 223-0152

1  "diminished value" under the Uninsured Motorist Property Damage coverage ("UIM
2  coverage") of their automobile policies. Plaintiff asserts that "diminished value" results when
3  vehicles "sustain damage to their structural systems and bodies [and] cannot be fully repaired to
4  their pre accident condition, and are as a result tangibly different than they were pre accident."
5  (Compl. ¶ 1.4).

6  2.  Plaintiff seeks to prosecute this action on behalf of a putative class consisting of:

> All TRAVELERS insureds with Washington policies issued in Washington State, where the insured's vehicle's damages were covered under the UIM PD coverages, and
> 1. The repair estimates on the vehicle (including any supplements) totaled at least $1,000; and
> 2. the vehicle was no more than six years old (model year plus five years) and had less than 90,000 miles on it at the time of the accident; and
> 3. The vehicle suffered structural (frame) damage and/or deformed sheet metal and/or required body or paint work.

14  (Compl. ¶ 5.3.)

15  3.  Plaintiff attempts to state two causes of action, for breach of contract and
16  violation of the Washington Consumer Protection Act, RCW 18.96 et seq. ("WCPA") (Compl.
17  ¶¶ 6.1-6.10). Plaintiff seeks to recover the amounts Travelers allegedly failed to pay putative
18  class members for diminished value; statutory attorneys' fees under RCW 4.84.015 and RCW
19  19.86.090; "such other relief as is deemed just and equitable and is necessary to effectuate the
20  Court's Orders and Judgment;" and prejudgment interest and costs. (Prayer ¶ 7.1).

21  4.  This action was filed in the Superior Court of the State of Washington in and for
22  the County of Pierce and titled *Daniel Dawsey, individually and as the representative of all
23  persons similarly situated v. The Travelers Indemnity Company*, Case No. 15-2-06227-7 (the
24  "Complaint").

25  5.  The Complaint names as the sole defendant Travelers, a corporation with its

NOTICE OF REMOVAL– 2

999999.811468 526416.docx

REED McCLURE
ATTORNEYS AT LAW
FINANCIAL CENTER
1215 FOURTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98161-1087
(206) 292-4900; FAX (206) 223-0152

principal place of business in Hartford, Connecticut.

6. Pursuant to 28 U.S.C. § 1446(a), Travelers has attached all pleadings filed and served upon them in the state court proceedings. (*See* Declaration of Marilee Erickson ("Erickson Decl."), Exhibit ("Ex.") A, hereinafter Complaint or "Compl.".)

## TIMELINESS OF REMOVAL

7. Travelers was served with this lawsuit through the office of the Insurance Commissioner of the State of Washington on February 26, 2015.

8. In accordance with 28 U.S.C. § 1446, this Notice of Removal is timely filed within thirty (30) days of Travelers' notice and receipt of Plaintiff's Complaint.

## INTRADISTRICT ASSIGNMENT

9. This action was originally filed in the Superior Court in and for the County of Pierce, and is therefore removable to the Tacoma Division of this District. *See* 28 U.S.C. § 1441(a); LCR 3(d); LCR 101(e). Travelers reserves, and does not waive, any objection it may have to service, jurisdiction, or venue, and any and all other defenses or objects to this lawsuit.

## JURISDICTION

10. The State Court Action is removable to this Court, and this Court has jurisdiction over this action, under CAFA 28 U.S.C. § 1332(d), 28 U.S.C. § 1441 (a) and (b), and 28 U.S.C. § 1453, because this is a putative class action involving more than 100 putative class members, the aggregate amount in controversy, excluding interest and costs, exceeds $5,000,000, and there is minimal diversity. CAFA reflects Congress's intent to have federal rather than state courts adjudicate substantial class action suits brought against out-of-state defendants. This suit satisfies all the requirements under CAFA for federal jurisdiction.

A. **The Putative Class Exceeds 100 Members.**

11. CAFA requires that the class consist of at least 100 persons. 28 U.S.C.

NOTICE OF REMOVAL– 3

999999.811468 526416.docx

REED McCLURE
ATTORNEYS AT LAW
FINANCIAL CENTER
1215 FOURTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98161-1087
(206) 292-4900; FAX (206) 223-0152

1  § 1332(d)(5).

2      12.    Plaintiff himself estimates "around 900 claims" in the class (Compl. ¶¶ 2.4, 5.5.) Thus, the requirement of at least 100 class members has been satisfied.

    **B.**    **There Is Minimal Diversity Sufficient To Establish CAFA Jurisdiction.**

    13.    The second CAFA requirement is minimal diversity—at least one putative class member must be a citizen of a different state than one defendant. 28 U.S.C. § 1332(d)(2).

    14.    Here, the putative class contains at least one putative class member who is a citizen of the State of Washington, namely, Plaintiff Daniel Dawsey. (Compl. ¶ 2.3.) The only defendant in this case, Travelers, is incorporated under the laws of the State of Connecticut, has its principal place of business in Connecticut, and is a citizen of Connecticut for diversity purposes. See 28 U.S.C. § 1332(c)(1).

    15.    Thus, there is not only minimal diversity required under CAFA, 28 U.S.C. § 1332(d)(2), but actually *complete* diversity.

    **C.**    **The CAFA Amount In Controversy Requirement Is Satisfied.**

    16.    CAFA also requires that the aggregate amount in controversy exceed $5,000,000 for the entire putative class, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). The Court must determine the amount in controversy by a preponderance of the evidence, and *there is no presumption against removal for cases removed under CAFA. See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 550 (2014) ("no antiremoval presumption attends cases invoking CAFA, a statute Congress enacted to facilitate adjudication of certain class actions in federal court"); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("[w]hether damages are unstated in a complaint, or, in the defendant's view are understated, the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged.")

NOTICE OF REMOVAL– 4

999999.811468 526416.docx

REED McCLURE
ATTORNEYS AT LAW
FINANCIAL CENTER
1215 FOURTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98161-1087
(206) 292-4900; FAX (206) 223-0152

17. Although the jurisdictional amount cannot be based on speculation and conjecture, "a defendant is also not obligated to research and prove an exact amount of damages." *Lizza v. Deutsche Bank Nat'l Trust Co.*, 2013 U.S. Dist. LEXIS 136453, at *9 (D. Haw. Sept. 24, 2013); *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.... The amount in controversy is not proof of the amount the plaintiff will recover. Rather it is an estimate of the amount that will be put at issue in the course of the litigation.") (citations omitted); *Gates v. Starbucks Corp.*, No. 09–02702, 2009 U.S. Dist. LEXIS 80761, at *7-8 (N.D. Cal. Aug. 21, 2009) (rejecting contention that defendant's amount-in-controversy showing was too speculative, and finding the amount in controversy was satisfied based on defendant's supporting declaration that extrapolated from the allegations of the complaint and defendant's data).

18. Moreover, the appropriate measure of the amount in controversy is not what the plaintiff or putative class will *actually* recover, but rather what they *potentially or plausibly or arguably could* recover, including *reasonable assumptions*. See, e.g., *Lewis*, 627 F.3d at 397 ("[defendant] supplied an affidavit to show that the potential damages *could* exceed the jurisdictional amount [and we] conclude that this showing satisfies [defendant's] burden.") (emphasis added); *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) ("the chain of reasoning and [defendant's] *underlying assumption* to extrapolate [damages] for the entire class period ... are *reasonable*[.]") (emphasis added); *Blomberg v. Service Corp. International*, 639 F.3d 761, 764 (7th Cir. 2011) ("[o]nce the proponent of federal jurisdiction has *explained plausibly* how the stakes exceed $5 million ... the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much") (emphasis added); *Cooper v. Charter Commc'ns Entertainments I, LLC*, 760 F.3d 103, 106 (1st Cir. 2014) (finding the district court properly considered "the *potential* recovery") (emphasis added); *Waller v.*

NOTICE OF REMOVAL– 5

999999.811468 526416.docx

REED McCLURE
ATTORNEYS AT LAW
FINANCIAL CENTER
1215 FOURTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98161-1087
(206) 292-4900; FAX (206) 223-0152

*Hewlett-Packard Co.*, No. 11-cv-0454, 2011 U.S. Dist. LEXIS 50408, at *12 (S.D. Cal. May 10, 2011) ("[t]he Court has sufficient confidence, based on Plaintiff's own allegations, facts presented by [defendant], and *assumptions it believes are reasonable*, that it is more likely than not that the amount in controversy in this case exceeds $5 million.") (emphasis added).

19.  Notwithstanding Plaintiff's allegations that the total damages at issue in this case are less than $5,000,000, the amount in controversy easily exceeds the sum or value of $5,000,000, exclusive of interest and costs, based on the compensatory damages, treble damages, and attorneys' fees that could be recovered.

### (1) Compensatory Damages

20.  Plaintiff alleges that Travelers improperly fails to pay for diminished value when adjusting UIM physical damage claims. He further alleges there are "around 900 claims" in the class, and the average damages will be "around $1,460 per claim." (Compl. ¶ 2.4.) Thus, the face of the Complaint alleges potential compensatory damages of *at least* $1,314,000 (*i.e.*, 900 x $1,460). *Id.* However, the potential compensatory damages in controversy are actually higher, based on data delineating the profile of vehicles that Travelers actually insures in Washington. (Declaration of Stefanie Wilson ("Wilson Decl."), ¶¶ 3-4).

21.  Specifically, Plaintiff's estimated damages of $1,460 per claim *are not unique to Travelers*. Rather, counsel for Plaintiff has filed multiple suits against *other insurance carriers* in Washington (including USAA and Hartford) that assert the exact same damages estimate of $1,460. *See Johnston, Jr. v. United Services Automobile Association*, No. 14-2-10507-5 (Pierce County Superior Court, Wash.) (*Johnston* Complaint ¶ 2.3, "average loss due to diminished value on a per claim basis will be, on information and belief, approximately $1,460") (Erickson Decl. Ex. B); *Lewis v. Hartford Casualty Ins. Co. et al.*, No. 15-2-06809-7, (Pierce County Superior Court, Wash.) (*Lewis* Complaint ¶ 2.4 "average damages will be around $1460 per claim.") (Erickson Decl. Ex. C). Thus, Plaintiff's estimated per claim

NOTICE OF REMOVAL– 6

999999.811468 526416.docx

REED McCLURE
ATTORNEYS AT LAW
FINANCIAL CENTER
1215 FOURTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98161-1087
(206) 292-4900; FAX (206) 223-0152

damages are apparently premised on some sort of industrywide average rather than the actual vehicles insured by Travelers.

22. However, the vehicles insured by Travelers in Washington are both newer and more valuable than those of the rest of the industry, (Wilson Decl., ¶¶ 3-4), and therefore they are subject to higher diminished value under Plaintiff's theory of the case. In fact, Travelers estimates that during the past year in Washington, it insured more vehicles in the category of "six years old or newer" than the rest of the industry, and the average value of Travelers vehicles was about 18% higher than the rest of the industry. (Wilson Decl., ¶¶ 3-4).

23. Based on the higher-than-average value of Travelers vehicles, the per claim damages range from $1,460 (estimated by Plaintiff's counsel for multiple insurance carriers) to $1,723 (*i.e.,* 18% higher than $1,460). This yields potential compensatory damages in controversy for the putative class of $1,314,000 to $1,550,700.

### (2) Treble Damages Under The WCPA

24. The WCPA, RCW 19.86.090, permits recovery of treble damages in addition to actual damages, and thus they are included in the amount in controversy—even if they are not explicitly requested in the Complaint. *See Gibson v. Chrysler Corp.,* 261 F.3d 927, 946 (9th Cir. 2001), *modified on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546 (2005); *Ramos v. Bimbo Bakeries USA, Inc.,* No. CV 10-1125-PK, 2010 U.S. Dist. LEXIS 138428, at *6-7 n. 1 (D. Or. Dec. 3, 2010) ("Although Oregon law prohibits plaintiffs from including a prayer for punitive damages in the initial complaint … courts may still consider the potential for such damages when determining the amount in controversy.") (citing *Gibson*).

25. The court has discretion to award treble damages to each putative class member, not just the class representative. *See, e.g., Smith v. Behr,* 113 Wash. App. 306, 345-46, (2002); *Peck v. Cingular Wireless, LLC,* 2009 WL 775385, *2 (W.D. Wash. Mar. 20, 2009). Trebling

NOTICE OF REMOVAL– 7

999999.811468 526416.docx

REED McCLURE
ATTORNEYS AT LAW
FINANCIAL CENTER
1215 FOURTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98161-1087
(206) 292-4900; FAX (206) 223-0152

1  the range of compensatory damages set forth above results in a range of damages of $3,942,000
2  to $4,652,100.

3     26.    Moreover, following the explicit language of RCW 19.86.090, some courts in
4  Washington have permitted not only a trebling of actual damages, but an award of actual
5  damages plus treble damages *"in addition,"* which would raise the range to $5,256,000 to
6  $6,202,800. *See Trethewey v. Bancroft-Whitney Co.*, 13 Wn.App. 353, 360 (1975); *Vawter v.
7  Quality Loan Serv. Corp.*, 2011 U.S. Dist. LEXIS 47903, at *9-10 (W.D. Wash. April 27,
8  2011) (in addition to $548.95 in damages, awarding treble damages of $1,646.85 (three times
9  $548.95), plus $2,000 in statutory damages for a total of $4,195.80); *Bryce v. Lawrence*, 491
10 B.R. 157, 185-188 (Bankr. W.D. Wash. 2014) (explaining that a party injured by a CPA
11 violation may recover actual damages and "in addition" treble damages, and awarding actual
12 damages plus two maximum treble damage awards [$10,000 maximum at the time] for two
13 separate injuries under the CPA, for a total of $20,000 in treble damages plus $23,540 of actual
14 damages); *but see Tavenner v. Talon Group*, 2012 U.S.Dist.LEXIS 172011, at *24-25 n.6
15 (W.D. Wash. Dec. 4, 2012) ("[q]uadruple damages are not authorized").

16    27.    Plaintiff attempts to "disclaim[] any claim for himself, or members of the
17 proposed Class, for discretionary trebling of damages...." (Compl. ¶ 6.10.) However, the U.S.
18 Supreme Court *expressly rejects* any such disclaimer. *See Standard Fire Insurance Company
19 v. Knowles*, 133 S.Ct. 1345, 1349 (2013) (rejecting a named plaintiff's attempt to disclaim
20 damages for the putative class because "a plaintiff who files a proposed class action cannot
21 legally bind members of the proposed class before the class is certified"); *AT&T Mobility
22 Servs. LLC*, 728 F.3d at 982 (attempted waiver of claims in excess of $5 million was ineffective
23 because "[a] lead plaintiff of a putative class cannot reduce the amount in controversy on behalf
24 of absent class members...."); *Vasquez v. First Student, Inc.*, 2014 U.S. Dist. LEXIS 168295, at
25 *7 (C.D. Cal. Dec. 3, 2014) ("Although Plaintiff attempts to cap the putative class' damages at

NOTICE OF REMOVAL– 8

999999.811468 526416.docx

REED McCLURE
ATTORNEYS AT LAW
FINANCIAL CENTER
1215 FOURTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98161-1087
(206) 292-4900; FAX (206) 223-0152

less than $5 million, that allegation cannot defeat removal" and "Plaintiff's cap on the amount in controversy should [therefore] be disregarded and the Court should apply the preponderance of the evidence standard with respect to the amount in controversy.")

28.  Thus the potential compensatory and treble damages in controversy for the putative class range from $3,942,000 to $6,202,800.

### (3) Attorneys' Fees

29.  Plaintiff also seeks attorneys' fees in his Complaint. (Compl. ¶ 6.10; Prayer ¶ 7.1(c).) "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).) Here, attorneys' fees are statutorily authorized for Plaintiff's claims. *See* RCW 19.86.090. Accordingly, attorneys' fees are also included in the amount in controversy calculation.

30.  Courts in the Ninth Circuit hold that attorneys' fees should be estimated over the course of the entire litigation for purposes of determining the amount in controversy. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) ("The Ninth Circuit clearly considers attorneys' fees when assessing amount in controversy. [] Such fees necessarily accrue until the action is resolved"); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002) ("[w]here the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy").

31.  Attorneys' fees can be assessed either through a "percentage-of-recovery" approach or through a "lodestar" approach. *Rodriguez v. Cleansource, Inc.*, 2014 WL 3818304, at *3-4 (S.D. Cal. Aug. 4, 2014) ("[T]he Court finds that applying the percentage-of-the-fund approach to calculate attorneys' fees for purpose of establishing the jurisdiction amount in controversy is appropriate here"); *Bowles v. Wash. Dep't of Ret. Sys.*, 121 Wn.2d 52,

NOTICE OF REMOVAL– 9

REED McCLURE
ATTORNEYS AT LAW
FINANCIAL CENTER
1215 FOURTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98161-1087
(206) 292-4900; FAX (206) 223-0152

72 (1993) ("the lodestar method is generally preferred when calculating statutory attorney fees, the percentage of recovery approach is used in calculating fees under the common fund doctrine.")

### a. Percentage-of-Recovery Approach

32.     Multiple courts in the Ninth Circuit assess attorneys' fees by applying a percentage to the aggregate recovery for the putative class. *Vizcaino v. Microsoft Corp.*, 142 F. Supp. 2d 1299, 1302 (W.D. Wash. 2001) ("[T]he percentage-of-recovery approach is used in determining attorneys' fees in a common fund class action.") (citing *Bowles, supra*); *Jasso v. Money Mart Express, Inc.*, 2012 U.S. Dist. LEXIS 27215, at *20-21 (N.D. Cal. Mar. 1, 2012) (finding amount in controversy was established exclusive of attorneys' fees, but expressly holding it was "not unreasonable for [defendant] to rely on this [25% benchmark] estimate using the common fund method...."); *Altamirano v. Shaw Indus.*, 2013 U.S. Dist. LEXIS 84236, at *35 (N.D. Cal. June 14, 2013) (permitting use of 25% benchmark in calculation of attorneys' fees for purposes of determining amount in controversy); *Burton v. Trinity Universal Ins. Co.*, 2015 U.S. Dist. LEXIS 21953, at *4 (D. Mont. Feb. 24, 2015) (same); *Giannini v. Northwestern Mut. Life Ins. Co.*, 2012 U.S. Dist. LEXIS 60143, at *13-14 (N.D. Cal. Apr. 30, 2012) (in denying motion to remand under CAFA, finding that a reasonable estimate of attorneys' fees to be 25% of the estimated total damages); *Steckmest v. Farmers Ins. Exch.*, 2013 U.S.Dist.LEXIS 133723, at *17 (D. Mont. Aug. 9, 2013) (for purposes of determining amount in controversy applying 25% benchmark to calculate value of attorneys' fees.)

33.     In common fund cases, the benchmark award is generally between 25 and 33 percent of the recovery obtained. *Bowles,* 121 Wn.2d at 72; *see also Thomas v. Allstate Indem. Co.*, 2010 U.S. Dist. LEXIS 65521, at *3 (E.D. Wash. June 7, 2010) (explaining attorneys' fees may amount to 33% of the ultimately recovery per fee agreement, and holding these fees can be included in calculating the jurisdiction amount); *Cadenas v. Union Pac. R.R.*, 2010 U.S. Dist.

NOTICE OF REMOVAL– 10

999999.811468 526416.docx

REED McCLURE
ATTORNEYS AT LAW
FINANCIAL CENTER
1215 FOURTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98161-1087
(206) 292-4900; FAX (206) 223-0152

1  LEXIS 35572, at *4 (W.D. Wash. Mar. 9, 2010) (presuming fees at 1/3 of the recovery in
2  determining amount in controversy); *Giannini*, 2012 U.S. Dist. LEXIS 60143, at *14 ("The
3  Ninth Circuit has established 25% of the common fund as a benchmark award for attorney
4  fees") (citations omitted)); *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491 (E.D.
5  Cal. 2010) ("The typical range of acceptable attorneys' fees in the Ninth Circuit is 20% to 33
6  1/3% of the total settlement value, with 25% considered the benchmark. [] However, the exact
7  percentage varies depending on the facts of the case, and in "most common fund cases, the
8  award exceeds that benchmark.") (Citations omitted); *Cleansource, Inc.*, 2014 WL 3818304, at
9  *4 (applying 25% benchmark to calculate attorney fees for purposes of determining amount in
10 controversy).

11        34.    In other diminished value class actions in Washington, fee awards *received* by
12 the *exact Plaintiff's counsel in this case* confirm that a benchmark of *at least* 21% - 28% is
13 appropriate for the amount in controversy. See *Mansker v. Farmers Insurance Company of*
14 *Washington*, No. 11-2-06668-7 (Pierce County Superior Court, Wash.) ($1,708,000 fee award
15 constituting 28% of the total settlement amount) (Erickson Decl., Ex. D. and E); *Martin v. Twin*
16 *City Fire Ins. Co.*, No. 3:08-cv-05651-RJB, (W.D. Wash.) ($1,844,472 fee award constituting
17 24.7% of the total settlement amount (assuming the court credited the requested $17,571.57 in
18 costs.)) (Erickson Decl. Ex. F and G); *Busani v. USAA*, No. 99-2-08217-1 (Pierce County
19 Superior Court, Wash.) ($1,149,832.10 fee award constituting 21.75% of the total settlement
20 amount.) (Erickson Decl. Ex. H).

21        35.    "For purposes of determining the amount in controversy, attorneys' fees are
22 based on both compensatory and punitive damages at issue." *Burton v. Trinity Universal Ins.*
23 *Co.*, 2015 U.S. Dist. LEXIS 21953, at *4 (D. Mont. Feb. 24, 2015); *Altamirano v. Shaw Indus.*,
24 2013 U.S.Dist.LEXIS 84236, at *35 (N.D. Cal. June 14, 2013) (for purposes of amount in
25 controversy calculating attorney's fees based on compensatory damages and penalties

NOTICE OF REMOVAL– 11

999999.811468 526416.docx

REED McCLURE
ATTORNEYS AT LAW
FINANCIAL CENTER
1215 FOURTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98161-1087
(206) 292-4900; FAX (206) 223-0152

awarded); *Steckmest v. Farmers Ins. Exch.*, 2013 U.S.Dist.LEXIS 133723, at *17 (D. Mont. Aug. 9, 2013) (for purposes of determining amount in controversy applying 25% benchmark for recovery of fees to compensatory and punitive damages.)

36.  Applying 21% to 28% of the potential aggregate class recovery (compensatory damages plus treble damages) as a benchmark yields attorneys' fees of $827,820 (*i.e.,* 21% x $3,942,000) to $1,736,784 (*i.e.,* 28% x $6,202,800). (If a benchmark of 33⅓% were used, then the attorneys' fee range would increase as high as $2,067,600). Thus the potential compensatory damages, treble damages, and attorneys' fees (under the percentage-of-the-recovery approach) in controversy for the putative class range from $4,769,820 to $7,939,584.

### b. Lodestar Approach

37.  If a lodestar calculation is employed, the potential attorneys' fees in this case are equally substantial. "[A] 'lodestar' approach sets the fees by first determining the number of hours that were reasonably spent by the attorneys, multiplying it by a reasonable hourly compensation, and then adjusting this amount upward or downward based on additional factors." *Bowles v. Wash. Dep't of Ret. Sys.*, 121 Wn.2d 52, 72 (1993). Here, Plaintiff's counsel explicitly estimates in the Complaint that lodestar fees are $777,012. (Compl. ¶ 2.4). However, this number reflects a severe underestimation.

38.  The precise lodestar estimate set forth in the Complaint comes from a previous diminished value class action in Washington prosecuted by the same Plaintiff's counsel. *See Martin v. Twin City Fire Insurance Co.*, Case No. 3:08-cv-5651-RJB (Erickson Decl. Ex. G, p. 17.) In *Martin*, a class settlement was reached, and Plaintiff's counsel petitioned the court for an award of attorney's fees of $777,012 based on 1,320 hours of work. (*Id.*) But the class settlement in *Martin* was reached *before* any motion for class certification was briefed, *before* a contested class certification hearing was convened, *before* the case was prepared for a trial on the merits, *before* a trial on the merits was conducted, and *before* any final appeal. (*Id.* at Ex.

NOTICE OF REMOVAL– 12

999999.811468 526416.docx

REED McCLURE
ATTORNEYS AT LAW
FINANCIAL CENTER
1215 FOURTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98161-1087
(206) 292-4900; FAX (206) 223-0152

1 I.) Thus, it is reasonable to conservatively estimate that *at least* another 1,000 hours would have been expended if the *Martin* case had proceeded through litigated class certification briefing and hearing, as well as trial on the merits. Adding these 1,000 hours to the 1,320 hours allegedly incurred in *Martin* yields 2,320 hours for a total lodestar award of $1,365,657.

39. Thus the potential compensatory damages, treble damages, and attorneys' fees (under the lodestar approach) in controversy for the putative class range from $5,307,657 to $7,568,457.

40. For all the foregoing reasons, Travelers has demonstrated that the amount the putative class *could potentially* recover well-exceeds the $5,000,000 CAFA amount in controversy. *Lewis*, 627 F.3d at 397 ("[defendant] supplied an affidavit to show that the *potential damages could exceed* the jurisdictional amount [and we] conclude that this showing satisfies [defendant's] burden.") (emphasis added); *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) ("the chain of reasoning and [defendant's] *underlying assumption* to extrapolate [damages] for the entire class period ... are *reasonable*[.]") (emphasis added).

### D. The Exceptions to CAFA Jurisdiction Do Not Apply.

41. As a threshold matter, Plaintiff bears the burden of establishing any applicable exceptions to CAFA jurisdiction. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021-22 (9th Cir. 2007) (reversing district court and joining sister circuits that have addressed this issue in holding that the party seeking to remand the case to state court bears the burden of establishing the exceptions to CAFA).

42. CAFA provides two mandatory exceptions and one discretionary exception to the application of federal jurisdiction. 28 U.S.C. § 1332(d)(3)-(4). In this case, none of these exceptions apply. Each CAFA exception requires, as a starting point, an in-state defendant. 28 U.S.C. § 1332(d)(3)-(4) (requiring either "significant relief" to be sought from an in-state defendant (local controversy exception) or requiring the "primary defendant" to be an in-state

NOTICE OF REMOVAL– 13

999999.811468 526416.docx

REED McCLURE
ATTORNEYS AT LAW
FINANCIAL CENTER
1215 FOURTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98161-1087
(206) 292-4900; FAX (206) 223-0152

1  one ("home state" and discretionary exceptions)).  Here, the only defendant, Travelers, is a
2  non-resident citizen of Connecticut.  As such, none of the CAFA exceptions can possibly apply
3  here.

4       43.     Accordingly, because the CAFA prerequisites are met and none of the
5  exceptions apply, this case is properly removable under CAFA.

6

7  Dated: March 30, 2015                REED MCCLURE

8

9                                       By: /s/ Marilee C. Erickson
10                                      Marilee C. Erickson, WSBA #16144

11                                      Attorney for Defendant

12                                      Marilee C. Erickson
                                        REED MCCLURE
13                                      Financial Center
                                        1215 Fourth Avenue, Suite 1700
14                                      Seattle, WA 98161-1087
                                        Telephone: (206) 386-7047
15                                      merickson@rmlaw.com

16

17

18

19

20

21

22

23

24

25

NOTICE OF REMOVAL– 14

999999.811468 526416.docx

REED McCLURE
ATTORNEYS AT LAW
FINANCIAL CENTER
1215 FOURTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98161-1087
(206) 292-4900; FAX (206) 223-0152

| | |
|---|---|
| Dated: March 30, 2015 | DENTONS US LLP |

By:   s/Mark L. Hanover
    Mark L. Hanover, ILSB #6216201 (*Pro Hac Vice Application Forthcoming*)

Attorneys for Defendant

Mark L. Hanover
(*Pro Hac Vice Application Forthcoming*)
DENTONS US LLP
233 South Wacker Drive, Suite 7800
Chicago, Illinois 60606-6404
Telephone: (312) 876-8000
mark.hanover@dentons.com

Anna Shiran
(*Pro Hac Vice Application Forthcoming*)
DENTONS US LLP
525 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 882-5000
anna.shiran@dentons.com

NOTICE OF REMOVAL– 15

999999.811468 526416.docx

REED McCLURE
ATTORNEYS AT LAW
FINANCIAL CENTER
1215 FOURTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98161-1087
(206) 292-4900; FAX (206) 223-0152