HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL DAWSEY, individually and as the representative of all persons similarly situated,

Plaintiff,

v.

THE TRAVELERS INDEMNITY COMPANY,

Defendant.

CASE NO. 3:15-cv-05188-RBL

ORDER DENYING MOTION FOR REMAND

[DKT. #20]

THIS MATTER is before the Court on Plaintiff Dawsey's Motion to Remand [Dkt. #20] this case to Pierce County Superior Court. Dawsey claims that his proposed class action against the Travelers Indemnity Company does not meet the Class Action Fairness Act's $5 million jurisdictional threshold.

In April 2014, Dawsey was involved in an auto accident while insured by Travelers. According to Dawsey, the vehicle was repaired to industry standards but still had remaining "tangible physical damage." (*See* Complaint ¶1.8.) Dawsey claims his vehicle was worth less after it was repaired than it was before the accident, and that he suffered compensable "diminished value" loss under his auto insurance policy with Travelers. *Id.*

1       Dawsey filed a putative class action in Washington State Superior Court, alleging that
2   Travelers failed to inform and pay its automobile policyholders for the diminished value under
3   its Uninsured Motorist Property Damage policy coverage.  Dawsey claims that Travelers' failure
4   to pay for the loss is a breach of the insurance contract, and that Travelers' conduct violates the
5   Washington Consumer Protection Act, RCW 19.86.  Travelers removed under CAFA [28 U.S.C.
6   §1332(d), 1446, and 1443], claiming that Dawsey's claims meet CAFA's $5 million "amount in
7   controversy" requirement.
8       Dawsey seeks remand, arguing that Travelers cannot establish that his claims meet the $5
9   million jurisdictional threshold.  He claims that he seeks only limited relief on behalf of 900
10  class members, and that the average loss per member is only $1,460.  He estimates that the
11  compensatory damages total only $1,314,000. His total estimate is based on compensatory
12  damages, attorney's fees, and the costs of the suit.
13      Dawsey also included a demand for statutory attorney fees (totaling $200) under RCW
14  4.84.015 and for "reasonable attorney's fees" under RCW 19.86.090. (*See* Dkt. #20 p.11). *See*
15  Complaint ¶7.1). Dawsey alleges that fees and costs will not exceed $777,012.  Dawsey expands
16  this estimate, assuming that Travelers will pay its lawyers on an hourly basis, the fees will reach
17  millions and "therefore requir[es] matching work from Plaintiff's counsel" that is worth at most
18  $1,365,657.  (*See* Dkt. #20 pg. 13). Therefore, Dawsey claims that the "plausible amount in
19  controversy" would total, at most, $2,679,570. Dawsey emphasizes that, although he asserts a
20  claim under the CPA, he has not alleged a claim for treble damages.
21      Travelers argues that this case belongs in this Court because it meets the $5 million dollar
22  benchmark.  Travelers argues that Dawsey's claim under the CPA has put treble damages "in
23
24

play" and argues that those damages and a reasonable attorney's fee alone exceed the $5 million threshold.

## I. DISCUSSION

**A. Removal Standard in CAFA Cases**

CAFA requires that the aggregate amount in controversy exceed $5,000,000 for the entire putative class, exclusive of interest and cost. 28 U.S.C. §1332(d)(2). There is no presumption against removal for cases removed under CAFA. *See Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 550 (2014). ("No antiremoval presumption attends cases invoking CAFA, a statute Congress enacted to facilitate adjudication of certain class actions in federal court.")  In CAFA cases,  The removing defendant, Travelers, retains the obligation to demonstrate by a preponderance of the evidence that the jurisdictional amount in controversy is met in order to sustain its removal in the face of a motion to remand. *See Johnston v. United Services Automobile Association*, No. 14-5660-RJB (W.D. Wa 11/10/14). ("The removing defendant must prove by a preponderance of the evidence that the amount in controversy meets the jurisdictional requirement"). *Id.* at 683.

Though the burden remains with Travelers, it is not daunting. Under this standard, a removing defendant is not obligated to completely "research, state, and prove the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp.,* F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (citing *McCraw v. Lyons,* 863 F.Supp. 430, 434 (W.D.Ky.1994)).  The appropriate measure of the amount in controversy must be based on reasonable assumption.  "A removing defendant is not required to go so far as to prove Plaintiff's case for him by proving the actual rates of violation." *Tajonar v. Echosphere, L.L.C.,* No. 14CV2732-LAB RBB, 2015 WL 4064642, at 3 (S.D. Cal. July 2, 2015).  The Court reaches its conclusion and "[has] sufficient

1  confidence, based on Plaintiff's own allegations, facts presented by [defendant], and *assumptions*
2  *it believes are reasonable*, that it is more likely than not that the amount in controversy in this
3  case exceeds $5 million." *Waller v. Hewlett-Packard Co.*, No. 11CV0454-LAB RBB, 2011 WL
4  8601207, at *3 (S.D. Cal. May 10, 2011).

**B.  Amount in Controversy**

The issue in this case is whether Dawsey is correct in alleging that the amount for compensatory damages is determined by the amount of $1,460 per claim, and whether treble damages ought to be included in determining the amount in controversy in this case.

**1.  Compensatory Damages**

Dawsey and Travelers allege competing compensatory damages claims. Travelers' direct knowledge of its company's rates and policies inform its calculation of higher compensatory damages. Dawsey's lower average of $1,460 per claim is based purely on other suits that Dawsey's counsel is familiar with regarding other insurance carriers in Washington, which allege the same damages estimate.  Travelers claims that because they insure vehicles that are newer and more valuable than the rest of the industry, the amount of compensatory damages will be materially higher than Dawsey has argued.  Travelers claims that because of the type of vehicle they insure, the average value of Travelers vehicles is about 18% higher than the rest of the industry.  (*See* Wilson Decl. ¶3-4, Dkt. #3).  Travelers claims that because the per-claim damages should range from $1,460 to $1,723 (an 18% increase from $1,460), the amount of compensatory damages in controversy is **$1,550,700**.

The Court agrees that Travelers has established that a larger number is in controversy, based on Travelers' direct knowledge that their company insures newer cars. Therefore, the

1 | Court will use Travelers' 18% increase calculation. The amount of compensatory damages at
2 | issue is **$1,550,700.**

### 2. Treble Damages

Dawsey argues primarily that he does not seek treble damages in this case. Dawsey relies on this Court's reasoning in a prior (and he claims, substantially similar) case that "a removing defendant can't make the plaintiff's claim for him; as a master of the case, the plaintiff may limit his claims (either substantial or financial) to keep the amount in controversy below the threshold." *Turk v. USAA*, 2015 U.S. Dist. LEXIS 33715 at 10-11. In *Turk*, however, the plaintiff asserted *only* a breach of contract claim—not a CPA claim.

Unlike Turk, Dawsey has asserted a CPA claim. This is a critical and dispositive difference between the two cases. Dawsey has put treble damages at issue, and a reasonable estimate of those damages must be included in the amount in controversy calculus. RCW 19.86.090. Three times **$1,550,700** is **$4,652,100.** This is the amount of damages put "in play" by Dawsey's complaint.

### 3. Attorney's Fees

The third element in the amount in controversy calculation is attorney's fees. Dawsey seeks statutory attorney's fees, as well as attorney's fees for breach of contract and for his CPA claim. He concedes that even at the lodestar rate, his fees are likely to exceed $750,000. Adding Dawsey's estimate to the $4,652,100 exceeds the 5 million threshold. This circuit has also established 25% of the common fund as a benchmark award for attorney's fees. (Citing *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1029 (9th Cir. 1998)). 25% of the compensatory damages also makes the amount in controversy exceed $5 million.

1  Using either approach, the inclusion of attorney's fees will succeed in placing the amount
2  in controversy in this case at over $5 million.
3  Therefore amount in controversy meets the $5 million threshold in this case for this Court
4  to have jurisdiction.
5  Dawsey's Motion to Remand [Dkt. #20] is **DENIED**.
6  IT IS SO ORDERED.
7  Dated this 16th day of July, 2015.

Ronald B. Leighton
United States District Judge