HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL DAWSEY, individually and as the representative of all persons similarly situated<br><br>Plaintiff,<br><br>v.<br><br>THE TRAVELERS INDEMNITY COMPANY,<br><br>Defendant. | CASE NO. C15-5188 RBL<br><br>ORDER GRANTING MOTION TO STRIKE TREBLE DAMAGES<br><br>DKT. #44 |

THIS MATTER is before the Court on Defendant Travelers' Motion to Dismiss/Strike Plaintiff Dawsey's claim for treble damages. [Dkt. #44]. Travelers insured Dawsey's automobile. Dawsey, claiming to represent a class of similarly situated insureds, alleges Travelers breached its contractual agreement and the CPA by failing to disclose diminished value coverage and to adjust for these losses after an accident.

In his original complaint filed in state court, Dawsey disclaimed CPA treble damages for himself and his putative class members. [Dkt. #2, Erickson Dec., Ex. A, Compl. ¶¶ 2.4, 6.10]. Travelers removed the case to this Court, invoking federal jurisdiction under the Class Action Fairness Act. Dawsey sought remand, arguing that because a treble damages award "is not pled

and is expressly disclaimed," the amount-in-controversy could not meet CAFA's $5 million jurisdictional threshold. [Dkt. #20, Motion for Remand, pg. 9]. The Court denied remand, reasoning that because Dawsey's CPA claim put treble damages at issue, CAFA's threshold had indeed been met. Dawsey filed a request for permission to appeal to the Ninth Circuit, which was denied. He then filed his amended complaint, in which he claims treble damages. [Dkt. #35, AC ¶¶ 1.11, 7.1].

Travelers argues he is judicially estopped from making this claim, which he waived, and so asks the Court to dismiss or strike it under Rule 12. Dawsey argues that judicial estoppel does not apply, because the Court concluded treble damages were at issue when it denied remand.

Judicial estoppel is an equitable doctrine invoked to prevent a party from gaining an advantage by taking inconsistent positions and to preserve the orderly administration of justice and regard for the dignity of judicial proceedings by protecting against a litigant playing fast and loose with the courts. *See Milton H. Greene Archives v. Marilyn Monroe LLC*, 692 F.3d 983, 993 (9th Cir. 2012) (citing *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001)). It "prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument in another phase." *See New Hampshire v. Maine*, 532 U.S. 742, 748 (2001) (citing *Pegram v. Herdrich*, 530 U.S. 211, 227, n.8 (2000)). By prohibiting parties from deliberating changing positions according to the exigencies of the moment, it protects the judicial process's integrity. *See id*.

The circumstances under which it may be invoked are not reducible to a general formulation. *See id*. at 752. Nevertheless, the Supreme Court has identified three factors that help inform a Court's decision: (1) whether a party's later position is clearly inconsistent with its earlier position, (2) whether the party has succeeded in persuading a court to accept its earlier

position, and (3) whether the party seeking to assert the inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *See id*.

Here, all three factors are met. First, Dawsey took inconsistent positions by expressly disclaiming and then claiming treble damages for himself. Second, the Court relied upon his disclaimer when it expounded its resources to consider his motion for remand. It accepted his personal disclaimer—relying on its veracity—but could not sanction his disclaimer of his putative class members' potential award. *See Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345, 1349 (2013) (lead plaintiff's precertification disavowal of damages binds only himself). The Court's determination that CAFA's jurisdictional threshold had been met does not resurrect his treble damages claim. Third, Dawsey's change in position would impose an unfair detriment on Travelers, which had to request removal and defend against a motion for remand.

To prevent an improper use of judicial machinery, Traveler's motion [Dkt. #44] is GRANTED; Dawsey's personal request for treble damages is STRICKEN from his amended complaint [Dkt. #35].

The Court defers judgment on whether Dawsey may serve as class representative.

IT IS SO ORDERED.

Dated this 22nd day of January, 2016.

Ronald B. Leighton
United States District Judge