The Honorable RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL DAWSEY, individually and on behalf of the class of all persons similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>THE TRAVELERS INDEMNITY COMPANY,<br><br>Defendants. | NO. 3:15-cv-05188-RBL<br><br>MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT<br><br>Noting Date: April 14th, 2017 |

## I. MOTION/RELIEF REQUESTED

Class Representative DANIEL DAWSEY, with no objection from the Defendants (collectively "TRAVELERS" or "TRAVELERS Entities"), move the Court for entry of a proposed Preliminary Approval Order (with TRAVELERS expressly noting that this relief is solely for settlement purposes, without in any way conceding the viability of any litigation class in this matter) which:

1) Grants preliminary approval of the Settlement Agreement ("Settlement") between them;

2) Approves and directs implementation of the proposed notice plan; and

MOTION FOR PRELIMINARY APPROVAL - 1

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147 Fax

        3)        Schedules a final fairness hearing.

        THIS MOTION is submitted pursuant to FRCP 23 and the procedure and criteria for preliminary approval as stated in the *Manual for Complex Litigation – Fourth* (Federal Judicial Center 2004) (hereinafter the "*Manual*") § 21.6.  The Stipulation of Settlement ("Settlement") accompanies this Motion.  The proposed form of Individual Notice is attached to the Stipulation of Settlement, as is the proposed Claim Form and the proposed Final Approval Order.

        The proposed settlement class is defined as follows:

> All insureds of Defendants insured under a Washington personal or commercial lines automobile insurance policy issued in Washington State who were involved in an automobile accident from February 23, 2009 until the date of preliminary approval, which caused damage to their vehicle, where the insured's vehicle's damage was covered under the UIM PD coverage, and
>
> 1.  The repair estimates on the vehicle (including any supplements) totaled at least $1,000; and
>
> 2.  The vehicle was no more than six years old (model year plus five years) and had less than 90,000 miles on it at the time of the accident; and
>
> 3.  The vehicle suffered structural (frame) damage and/or deformed sheet metal and/or required body or paint work.
>
> Excluded from the Class are (a) claims involving leased vehicles or total losses, (b) employees of Defendants, and (c) the assigned judge, the judge's staff and family.

The parties propose that notice go out within 70 days after preliminary approval, and a 60-day opt-out period from the date notice is sent, that a final approval hearing be set by this Court at a date convenient for this Court on or after the week of August 7, 2017.

        FOR THE REASONS THAT FOLLOW, the above-requested relief should be GRANTED as the proposed Settlement clearly falls within any "range of reasonableness," meriting preliminary approval and notice to Potential Class Members.

MOTION FOR PRELIMINARY APPROVAL - 2

Law Offices of
                                        STEPHEN M. HANSEN, P.S.
                                        1821 Dock Street, Suite 103
                                        Tacoma Washington 98402
                                        (253) 302-5955; (253) 301-1147 Fax

## II. EVIDENCE RELIED UPON

1. Declaration of STEPHEN M. HANSEN

## III. RELEVANT PROCEDURAL HISTORY

Plaintiff DANIEL DAWSEY filed suit in Pierce County Superior Court on February 23, 2015 alleging causes of action for breach of contract based upon the Defendants' alleged failure to properly adjust Diminished Value ("DV") recovery as an element of damages on his automobile property damage loss, and to pay him and Class Members (as hereinafter defined) for the amount that their vehicles' value diminished as a result of property damage to their vehicles.

TRAVELERS filed its Notice of Removal on March 29, 2015. Plaintiff filed his Motion for Remand on March 30, 2015. This Court denied the Plaintiff's motion on July 16, 2015. Plaintiff's Request for Permission to Appeal was denied on October 23, 2015.

Plaintiff thereafter served discovery requests, in the form of Interrogatories and Requests for Production of Documents, in October, 2015, and the case proceeded forward until the parties commenced settlement discussions, eventually reaching a settlement which is modeled upon that approved in prior DV cases, and by this Court in *Meyer v. AmFam*, and *Hartford v. Lewis*, and which applies to all the TRAVELERS Entities, for settlement purposes only.

## IV. THE PROPOSED SETTLEMENT

Under the terms of the Settlement, the Defendants will make available approximately $760,000.00 for claims, and will pay for notice and administration of the Settlement. This fund will be increased by $800 per claim for any claims that have accrued since the date the initial class list was generated, and before notice is sent, so that the final amounts available will be slightly higher.

As in *Meyer and Lewis*, payment to Class Members who do not elect to opt out of the

MOTION FOR PRELIMINARY APPROVAL - 3

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147 Fax

Settlement Class, and who submit a timely valid claim form will be pro-rata based upon their cost of repair. Those with costlier repairs will, on otherwise valid claims, receive higher DV payments to account for the more extensive damage, and therefore higher DV. The only difference between this case and *Meyer v. AmFam* is that – because TRAVELERS, unlike AmFam paid DV claims – TRAVELERS will be allowed to take a credit for any prior DV payments off the settlement payments provided for by the pro rata formula on otherwise valid claims.

The proposed settlement payment achieves in substantial part what could be hoped to be recovered at trial. The proposed Settlement provides immediate relief in the form of a not insubstantial monetary benefit to those members of the Settlement Class who timely submit a Valid Claim Form. This includes Class Members whom Plaintiff contends undoubtedly were otherwise unaware of their right to request and receive compensation for diminished value as part of their UMPD loss.

The proposed Settlement also allows those who would rather pursue their DV claims individually to opt out and do so. Through this Settlement, Class Members will have available an immediate payment without the additional expense, risk, and delay inherent in protracted litigation and subsequent appeals.

In addition to a claims-made nature of the Settlement, other key terms of the proposed Settlement are:

1. **Notice and the Claims Administrator:** In this Settlement, Defendants have agreed to pay a Claims Administrator. The Claims Administrator, who the parties jointly propose should be Epiq Systems, Inc., shall, among other things, (i) oversee the provision of Notice to the Class; (ii) establish a web-site where information on this matter can be obtained and claims filed

MOTION FOR PRELIMINARY APPROVAL - 4

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147 Fax

electronically, (iii) oversee identification of addresses for any returned mail, and remaining notice, (iv) process Claim Forms; (v) contact Class Members by mail whose Forms are deficient to obtain a cured form, (vi) process any cured Claim Forms, (vii) send those forms to the TRAVELERS entities for challenge or payment, (viii) forward inquiries and questions to Scott Nealey and Stephen Hansen; (ix) prepare a list of all Persons who timely and properly requested exclusion from the Class within fourteen (14) days after the deadline for submitting requests for exclusion (the "Opt-Out List"); (x) provide a certification to the Court regarding the administration and processing of claims and, in the event that the Claims Administrator issues checks, the issuance of the payments to the Claimants as set forth herein.

The Claims Administrator shall be paid by TRAVELERS for services rendered pursuant to the Settlement.  Such costs include, without limitation, the reasonable costs of notifying the Class Members, the reasonable costs, after the TRAVELERS Entities have cross checked the class list addresses for current or more up to date addresses in their own databases, of updating the addresses of Class Members from the National Change of Address Data Base and "True Trace," preparing the Individual Notice and Claim Forms; mailing of the Individual Notice and Claim Forms, processing the claims, and costs associated with the services of the Claims Administrator to undertake any duties required to assist in the management of this Settlement, including, the establishment of a website concerning the Settlement and providing for online submission of claim forms.

2. **Class Representative Award, Fees and Costs:** Under the settlement, TRAVELERS has agreed to pay $7,500.00 to Mr. Dawsey for his service as the representative of the Class (see Paragraph 49 of the Settlement) from the Settlement or Revised Settlement Fund.  TRAVELERS has also agreed to not oppose a request of up to 26.25% of the Settlement or Revised Settlement

MOTION FOR PRELIMINARY APPROVAL - 5

Fund for Plaintiffs' attorney's fees and costs. (see Paragraph 60 of the Settlement).[1] Class Counsels' fee and cost request, and the request for a Class Representative Award, will be filed prior to the Objection Deadline. *Id.*

### V. THE CLASS ACTION SETTLEMENT APPROVAL PROCESS

As a matter of "express public policy," Washington courts *strongly favor* and encourage settlements. *City of Seattle v. Blume*, 134 Wn.2d 243, 258, 947 P.2d 223 (1997) (emphasis added). This is particularly true in class actions and other complex cases. See *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) ("strong judicial policy . . . favors settlements, especially and particularly where complex class action litigation is concerned"), *cert. denied* 506 U.S. 953, 113 S. Ct. 408, 121 L. Ed.2d 333 (1992); see also *Newberg on Class Actions* (3d ed. 1992) ("*Newberg*") § 11.41.

Approval of a class action settlement involves a two-step process. The first step in the settlement approval process is for the court to grant preliminary approval of the settlement, and provide notice of the proposed settlement to the class members. The purpose of this Court's preliminary evaluation of the proposed class action Settlement is for this Court to determine whether 1) the Settlement falls within the "range of reasonableness;" and 2) as a result, whether notice to the Potential Class Members of the terms and conditions of the Settlement and the scheduling of a Final Settlement Hearing is worthwhile. *Newberg* § 11.25 at 11-36, 11-37.

The decision to approve or reject a proposed settlement is committed to the sound discretion of the Court. See *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268 at 1276 (in context

---

[1] This figure is lower than in *AmFam*, where the settlement agreement provided for an award of all costs and a separate fee of up to 30% of the fund.

MOTION FOR PRELIMINARY APPROVAL - 6

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147 Fax

of a class action settlement, appellate court cannot "substitute [its] notions of fairness for those of the [trial] judge and the parties to the agreement," and will reverse only upon strong showing of abuse of discretion).  The Court's grant of preliminary approval will allow for dissemination of notice of the terms of the Settlement and the date and time of the Final Settlement Hearing to all Potential Class Members.  At the final hearing, Class Members may be heard regarding the Settlement and evidence and argument concerning the fairness, adequacy, and reasonableness of the Settlement may be presented.  See *Manual* § 21.61.

     Neither formal notice nor a hearing is required at the preliminary approval/provisional class certification stage; the Court may grant such relief upon an informal application by the settling parties, and may conduct any necessary hearing in court or in chambers, at the Court's discretion.  *Manual* § 21.61.  As such, the parties have submitted this Motion under LR 7(d)(1) and have set the dates in the Proposed Order to run from fourteen days after the motion is noted.

## VI. THE CRITERIA FOR PRELIMINARY SETTLEMENT APPROVAL ARE SATISFIED

     The proposed Settlement provides a fair and reasonable resolution to this litigation, warranting preliminary approval and submission to Class Members for their consideration.

### *A. The Settlement Is the Product of Arm's-Length Negotiations*

     The proposed Settlement is the result of arm's-length negotiations between experienced attorneys familiar with the legal and factual issues of this case.  Class Counsel are experienced in the litigation and settlement of class actions, including at this point nearly ten DV class actions with many legal and factual similarities to this case.  Prior to negotiating the Settlement, Class Counsel have conducted extensive investigations regarding the extent and value of the Class claims.  This includes extensive consultation with expert witnesses retained by Class Counsel over a fourteen-year time period for such purposes.  Class Counsel support the Settlement as fair

MOTION FOR PRELIMINARY APPROVAL - 7

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147 Fax

and as providing reasonable monetary relief to the Class Members.

TRAVELERS and its Counsel have likewise consulted and, after extensive discussions with Plaintiff's counsel, Travelers has determined the Class size. Further, after extensive analysis of the facts and results in prior cases, and to avoid the risk and expense of further litigation, without waiving its defenses, or agreeing that it has any liability, TRAVELERS has agreed to the proposed Settlement.

### B. The Settlement Provides Reasonable Relief to Class Members

The proposed Settlement provides for substantial cash compensation to all eligible Class Members who submit a valid claim form on a proportional basis based upon each individual's repair cost (an indication of the severity of the vehicle's damage). The payments to Class Members represent a substantial portion of each Class Member's potential damages. Those with greater costs of repair (a proxy for the extensiveness of damage) will receive greater payments, and those with more minor damage will receive less under the settlement formula. Similar formulas have been used in settlements of DV class action cases in this State, most recently in *Moeller v. Farmers* and *Merrill v. PEMCO,* and more recently in *Meyer v. AmFam* and *Lewis v. Hartford.*

### C. The Settlement Treats All Class Members Consistently and Fairly

Class Members can all benefit under the Settlement. Payments to Class Members will be made in proportion to the severity of damage to each Class Member's vehicle. No segment of the class is excluded or consigned to inferior benefits. All eligible Class Members who submit a valid claim form will be compensated based on the same methodology, which is designed to approximate the severity of the damage sustained by each Class Member's vehicle, while, when appropriate, considering the reduction in DV due to a prior accident. Class Counsel have worked

MOTION FOR PRELIMINARY APPROVAL - 8

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147 Fax

to ensure that the standardized Claim Form sent to each Class Member is concise, easily understood and simple to answer, and moreover that it takes into account the data that is available to the parties and the facts of this case. Because Settlement benefits will be calculated based on a standardized methodology, all eligible Class Members will receive the same value for the same severity of claim, subject to any prior diminished value payments they may have received.

Class Counsel will request that the Court award Mr. Dawsey the sum of $7,500.00 for his service as the Class Representative. This award shall be paid solely from the Settlement Fund within fourteen (14) days after the Effective Date. Unlike unnamed Class members, who are the passive beneficiaries of their efforts on their behalf, the representative, Mr. Dawsey exposed himself to investigation, and subjected himself to other burdens and obligations of named parties.

Incentive awards, which serve as premiums above any claims-based recovery from the Settlement, are routine and proper, and promote the public policy of encouraging individuals to undertake the commitment and responsibility of representative lawsuits. The amount the settlement provides, and TRAVELERS has agreed not to contest, is similar to the figure awarded to the class representatives in similar Diminished Value cases recently settled in this State.

The award requested here is, Plaintiff contends, at the modest end of this spectrum. See, e.g. *Gaskill v. Boula*, No. 88 C 3404, 1995 U.S. Dist. LEXIS 18576 (N.D. Ill. Dec. 14, 1995) ("these [class representatives] invested their time and effort and exposed themselves to litigation costs even though there was a significant risk that they might lose. Equity requires that they receive greater compensation than others who did not. Therefore, the court awards the two class representatives an incentive award of $6,000.00 each"); *Williams Corp. v. Kaiser Sand & Gravel Co. Inc.*, No. C91-4028 MHP, 1995 U.S. Dist. LEXIS 14262 (N.D. Cal. Sep. 19, 1995) ("finally,

MOTION FOR PRELIMINARY APPROVAL - 9

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147 Fax

the court authorizes an additional payment of $10,000.00 to . . . the Class Representative as compensation for its time and effort expended in the case."); *Carroll v. Blue Cross & Blue Shield*, 157 F.R.D. 142, 143 (D. Mass. 1994) ("the class representatives shall receive payments of $7,500 each as compensation for services rendered to the class in initiating the prosecuting this action"); *In re Dun & Bradstreet Credit Servs. Customer Litig.*, 130 F.R.D. 366, 376 (S.D. Ohio 1990) (Incentive awards to compensate the class representatives for "time, risk and expenses" granted in amounts ranging from $35,000.00 to $55,000.00); *Bogosian v. Gulf Oil Corp.*, 621 F. Supp. 27, 32 (E.D. Pa. 1985) (stating "the propriety of allowing the modest compensation to class representatives seems obvious," and awarding $20,000.00 to two named class representatives).

### D. There Has Been No Collusion

All settlement negotiations were conducted at arm's-length over the course of several months.  All attempts have been made to craft a settlement that treats each Class Member fairly, proportionately and equally.  Defendants have agreed to pay for all costs of the administration of the Settlement.  Attorneys' Fees and the Class Representative award (the amounts that TRAVELERS has agreed not object to) were not discussed until all other Settlement terms had been resolved.  The parties never agreed upon a specific fee amount.  Instead, TRAVELERS agreed only that those entities will not object to any fee and cost application by Class Counsel of up to 26.25 % of the final Settlement Fund.

At the time of final settlement approval, whereupon the Court will have before it the response from members of the Class, Class Counsel will seek court approval of their request for an award of attorneys' fees and reimbursement of costs.  This request will be formally presented to the Court, pursuant to notice to the Class, and under the terms of the Settlement will be filed

MOTION FOR PRELIMINARY APPROVAL - 10

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147 Fax

no less than fourteen (14) days before the objection deadline.  Attorneys' fees should be determined by the results achieved under the Settlement, and here, Class Counsel have agreed to request fees and costs of no greater than 26.25% of the Total Recovery.

Ninth Circuit jurisprudence permits the application of "common fund" principles where (as in this case) the class of beneficiaries is identifiable and the benefits can be traced to allocate the fees to the class.  *Glass v. UBS Financial Services, Inc.*, 2009 WL 1360920, 3 (9th Cir. 2009) (citing Petition of Hill, 775 F.2d 1037, 1041 (9th Cir.1985) and *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 265 n. 39 (1975)).  When viewed as a percentage of the settlement value made available, the amount of Class Counsels' fee request allowed under the Settlement Agreement is within the traditional 20% to 30% range of attorneys' fees regularly approved in class actions.  See, e.g., *Awarding Attorney's Fees and Managing Fee Litigation* 68 (Federal Judicial Center 1994) ("most district courts select a percentage in the 20% to 30% range, and the Ninth Circuit has indicated that 25% is the 'benchmark award'").  This is recognized in the Ninth Circuit in connection with common fund cases such as class actions. "This circuit has established 25% of the common fund as a benchmark award for attorney fees." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) (citing *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir.1990)).  The amount requested in this Settlement fits squarely within this range.  The Court need not decide fees at present, and the foregoing is provided only to show that the fee that can be requested falls within the range of reasonableness, which is all that is required for preliminary approval.

## VII. THE PROPOSED NOTICE PLAN SATISFIES DUE PROCESS

Pursuant to FRCP 23(c)(2)(B),

> B) For (b)(3) Classes. For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances,

MOTION FOR PRELIMINARY APPROVAL - 11

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147 Fax

    including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language:

    (i) the nature of the action;

    (ii) the definition of the class certified;

    (iii) the class claims, issues, or defenses;

    (iv) that a class member may enter an appearance through an attorney if the member so desires;

    (v) that the court will exclude from the class any member who requests exclusion;

    (vi) the time and manner for requesting exclusion; and

    (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

It is well settled that to protect the rights of absent class members, the Court must provide the best notice practicable to class members of a potential class action settlement. See *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12, 70 S. Ct. 652, 94 L. Ed. 865 (1985); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174-175, 94 S. Ct. 2140, 40 L. Ed.2d 732 (1974); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed.2d 865 (1950). "Rule 23 . . . requires that individual notice in [opt-out] actions be given to all class members 'who can be identified through reasonable efforts' with others given the 'best notice practicable under the circumstances' . . . Due process does not require actual notice to parties who cannot reasonably be identified." *Eisen*, 417 U.S. at 175-76.

    Here, the notice attached to the Preliminary Approval Order satisfies these criteria. Copies of the Settlement Agreement, which is lengthy and cannot practicably be incorporated into the published form of notice without causing confusion, will be available on the website and upon request by Class Members, as *Manual* § 21.311 recommends. The notice also includes understandable information on the claims asserted by Plaintiff in this action, as well as the

MOTION FOR PRELIMINARY APPROVAL - 12

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147 Fax

preliminary certification of this Class for settlement purposes only. As the Manual concludes: "Even though a settlement is proposed, the original claims, relief sought, the defenses should be outlined; such information is necessary for Class members to make an informed decision. The notice should describe clearly the options open to the class members and the deadlines for taking action." *Id*. at § 21.312.

The proposed form of Individual Notice satisfies all these standards and should be approved. The 60 day opt-out period is sufficient to allow all Class Members to review the settlement materials and reach a timely decision to remain within the Class or opt-out, and is longer than the 30-45 day period to opt-out which is commonly provided for and approved in consumer class action cases. The last step in the settlement approval process is a final fairness hearing at which the Court may hear all evidence and argument necessary to make its settlement evaluation. Proponents of the Settlement may explain and describe the terms and conditions of the Settlement and offer argument in support of final approval; in addition, Class Members, or their counsel, may be heard in support of or in opposition to the Settlement Agreement. The Court will determine at the hearing whether the Settlement is entitled to final approval and final order and judgment under FRCP 23(e) may thereupon be entered.

The proposed hearing date allows sufficient time for opt-outs (if any) to be tabulated and final approval papers to be prepared, yet allows the Settlement (if approved) to be finalized as soon as possible. This will allow Class Members to receive the benefits of the Settlement as soon as possible.

## VIII. CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests, and Travelers does not oppose, that the Court

MOTION FOR PRELIMINARY APPROVAL - 13

GRANT preliminary approval of the proposed Settlement, in the form of Order attached hereto, preliminarily certify the proposed Settlement Class, order that notice be provided to Settlement Class members, and schedule the fairness hearing on final settlement approval as the Court's calendar permits in or after the week of August 7, 2017.

RESPECTFULLY SUBMITTED this 13th day of April, 2017.

The Law Offices of STEPHEN M. HANSEN, P.S.

_____
STEPHEN M. HANSEN, WSBA # 15642
Of Attorneys for Plaintiff

MOTION FOR PRELIMINARY APPROVAL - 14

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147 Fax

# CERTIFICATE OF SERVICE

The undersigned certifies, under penalty of perjury under the laws of the State of Washington, that on the 13th day of April, 2017, I electronically filed the above and foregoing document with the Clerk of Court using the CM/ECF system, and in addition, I e-mailed a true and correct copy of this document to:

| | |
|---|---|
| Marilee Erickson | Mark L. Hanover |
| Reed McClure | Steven M. Levy |
| Financial Center | Dentons US LLP |
| 1215 Fourth Ave, Ste 1700 | 233 South Wacker Drive, Ste 5900 |
| Seattle WA 98161 | Chicago IL 60606 |
| (206) 386-7047 | mark.hanover@dentons.com |
| Merickson@rmlaw.com | steven.levy@snrdenton.com |

DATED this 13th day of April, 2017.

_____
SARA B. WALKER, Legal Assistant

MOTION FOR PRELIMINARY APPROVAL - 15

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147 Fax